UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ardas Yanik, Pro Se | Sarah Samuelson |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND** (filed 09/07/10)

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OR TO STRIKE PORTIONS OF THE COMPLAINT** (filed 08/30/10)

## I.   INTRODUCTION & BACKGROUND

On July 20, 2010, plaintiff Ardas (Alex) Yanik filed suit in Los Angeles County Superior Court against defendants Countrywide Home Loans, Inc., a/k/a Countrywide Bank, N.A., ("Countrywide"); Bank of America, N.A., ("Bank of America"); and Does 1 through 100 (collectively, "defendants").[1]  On August 23, 2010, defendants removed the action to federal court based on subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

On August 30, 2010, defendants filed the instant motion to dismiss, or in the alternative, for a more definite statement or to strike portions of the complaint.  On

---

[1] In his complaint, plaintiff advances 13 federal and state law claims for: breach of contract, specific performance, fraud, conspiracy, interference with existing contract, conversion, violation of the Bankruptcy Code, violations of the Truth in Lending Act, negligence, breach of covenant of good faith and fair dealing, abuse of process, quiet title, and declaratory and injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

September 7, 2010, plaintiff filed an opposition to defendants' notice of removal.[2] On September 15, 2010, plaintiff filed an opposition to defendants' motion to dismiss, or in the alternative, for a more definite statement or to strike portions of the complaint. Defendants replied on October 4, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

The instant action appears to arise from a mortgage loan transaction and subsequent foreclosure on plaintiff's property located at 12641 Cornute Avenue, Downey, California (the "property").[3] Complaint ¶ 4. Plaintiff alleges that he was the owner of the property, and that on September 19, 2007, "defendants and each of them had an interest in the Subject property as the mortgagee."[4] Complaint ¶¶ 4, 5. Plaintiff alleges that on August 27, 2007, he filed a Chapter 7 bankruptcy petition and was unable to continue making his mortgage payments. Complaint ¶¶ 6, 49.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to

---

[2] The Court construes plaintiff's opposition to defendants' notice of removal as a motion to remand pursuant to 28 U.S.C. § 1447(c).

[3] Plaintiff repeatedly alludes to a foreclosure on the property, but does not state which party initiated the foreclosure, or when the foreclosure occurred. See, e.g., Complaint ¶¶ 31, 32, 40, 45, 52, 82, 83, and 89.

[4] Although plaintiff alleges that defendants "had an interest" in the property, he does not plead when the loan originated, the amount of the loan or its terms, who the lender was, or attach loan documents to the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

Cir. 2000).

  **B. Motion for a More Definite Statement**

  Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

  **C. Motion to Strike**

  A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III. DISCUSSION**

  **A. Remand**

  Because the Court must find that it has jurisdiction before it can rule on defendants' motions, the Court first addresses plaintiff's motion to remand the case to state court. A motion for remand is the proper procedure for challenging removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statute against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13, 27–28 (1983).

In the instant case, plaintiff's Truth in Lending Act, 15 U.S.C. §§ 1601, et seq., and Bankruptcy Code claims are created by federal law. Accordingly, the Court finds that it has original jurisdiction over the action because two of plaintiff's claims "arise under" federal law.[5] 28 U.S.C. § 1331. The Court has supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(a). To the extent that plaintiff challenges the timeliness of defendants' removal, the Court finds that defendants' notice of removal

---

[5] Plaintiff argues that removal is inappropriate because plaintiff's federal law claims are "not dependent on the resolution of substantial and disputed federal questions." Pl.'s Mot. at 3. Plaintiff's argument is unavailing because "federal law creates the cause of action" for plaintiff's federal claims. Franchise Tax Bd., 463 U.S. at 27–28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

was timely.[6] Accordingly, the Court finds that removal was proper, and DENIES plaintiff's motion to remand.

  **B. Plaintiff's Individual Claims**

    **1. Breach of Contract to Sell Real Property, Specific Performance, Breach of Covenant of Good Faith and Fair Dealing**

  Plaintiff alleges that he had a written agreement with defendants whereby plaintiff would make monthly mortgage payments and defendants would not foreclose on the property. Complaint ¶ 9. Plaintiff alleges that defendants "started a campaign of charging Plaintiff a substantial amount of money in excess to [sic] the mortgage payment," causing plaintiff to fall behind on his mortgage payments. Complaint ¶ 10. Plaintiff alleges that defendants "breached their duties under the contract and California Code of Civil Procedure section 3300." Complaint ¶ 11.

  The essential elements of a contract claim are: (1) the existence of a valid contract between the parties, (2) plaintiff's performance or excuse for nonperformance, (3) defendants' unjustified or unexcused failure to perform, and (4) damages to plaintiff caused by the breach. See Lortz v. Connell, 273 Cal. App. 2d 286, 290 (1969). "[E]very contract imposes upon the contracting parties the duty of good faith and fair dealing." Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 478 (1989). "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985).

  Here, plaintiff fails to state a claim for breach of contract because plaintiff does not plead any terms of the loan and does not attach a copy of the loan agreement to his

---

  [6] A notice of removal must be filed within 30 days from the date on which defendants receive a copy of the state-court complaint. 28 U.S.C. § 1446(b). Here, defendants were served a copy of the state-court complaint on July 22, 2010. Notice of Removal at 2; Ex. B. Because 30 days from July 22, 2010 falls on a weekend, defendants had until August 23, 2010 to remove. See Fed. R. Civ. P. 6(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

complaint. In addition, plaintiff's reference to California Civil Code section 3300 is misplaced. Section 3300 provides the measure of compensatory damages, and is unrelated to the question of whether defendants breached a contract. Plaintiff's claim for specific performance fails for two reasons. First, specific performance is not a separate claim for relief, but a "*remedy* for a breach of contract." Golden W. Baseball Co. v. City of Anaheim, 25 Cal. App. 4th 11, 49 (1994) (emphasis in original). Second, to establish specific performance as remedy, plaintiff must first properly plead a breach of the underlying contract. See id. Finally, plaintiff fails to state a claim for breach of covenant of good faith and fair dealing because plaintiff has not sufficiently pleaded the existence of a contract.

Accordingly, the Court DISMISSES plaintiff's breach of contract, specific performance, and breach of covenant of good faith and fair dealing claims without prejudice. If plaintiff chooses to amend his complaint, plaintiff should allege when the loan originated, how much money was involved, who the lender was, and all material terms of the loan defendants allegedly breached. Alternatively, plaintiff may choose to attach the loan agreement to his amended complaint as an exhibit.

### 2.    Fraud and Deceit and Conspiracy

Plaintiff alleges that defendants "indirectly repeatedly assured Plaintiff numerous times that defendants would not foreclose the property and that [sic] provide plaintiff with credit for the additional and excess charges that were being added to the monthly mortgage payment." Complaint ¶ 20. Plaintiff alleges that, in reliance on defendants' representations, he continued to make mortgage payments, but that defendants foreclosed on the property. Complaint ¶ 22. Plaintiff further alleges that defendants conspired to "induce Plaintiff to go in to [sic] default for the purpose of foreclosing the [property] through fraudulent means." Complaint ¶ 31.

The Court finds that plaintiff has not sufficiently alleged fraud. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). When a party pleads fraud against a corporation, as the plaintiff in this case, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."[7] Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

Plaintiff has failed to identify with particularity the circumstances of the alleged fraud, including the name of the person who made the alleged misrepresentation and that person's authority to speak, and defendants' role in the mortgage negotiations at issue. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged.") (internal quotation marks and citations omitted). Plaintiff asserts fraud claims against both defendants, but fails to delineate which defendants committed which fraudulent acts. Plaintiff also fails to state a claim for civil conspiracy because plaintiff fails to allege the commission of an underlying fraudulent or wrongful act. See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510–11 (1994) (civil conspiracy is not an independent tort, but is instead "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.").

Accordingly, the Court DISMISSES plaintiff's fraud and conspiracy claims

---

[7] The requirement is relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy," Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App. 3d 818, 825 (1973), or "when the facts lie more in the knowledge of the opposite party[.]" Turner v. Milstein, 103 Cal. App. 2d 651, 658 (1951). However, relaxing the standard is inappropriate in this case because plaintiff signed the loan document and should be aware of who made the allegedly fraudulent representations to him. See Akhavein v. Argent Mortgage Co., 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

without prejudice. To satisfy Fed. R. Civ. P. 9(b), plaintiff must specify the precise facts giving rise to his fraud claim.

### 3. Interference With Existing Contract

Plaintiff alleges that defendants "intentionally and maliciously interfered with Plaintiffs' [sic] existing contract with third parties who were the tenants, and/or had contractual agreement with Plaintiff with respect to plaintiff's business affairs." Complaint ¶ 36. Plaintiff alleges that defendants' actions "caused and induced the third parties . . . to breach and abandon" the property. Complaint ¶ 38.

To establish a claim for interference with contractual relations, "plaintiff must allege that (1) he had a valid and existing contract; (2) the defendant had knowledge of the contract and intended to induce its breach; (3) the contract was in fact breached by the contracting party; (4) the breach was caused by the defendant's unjustified or wrongful conduct; and (5) the plaintiff has suffered damage." Dryden v. Tri-Valley Growers, 65 Cal. App. 3d 990, 995 (1977). Plaintiff fails to state a claim for interference with contractual relations because, as discussed above, plaintiff has failed to properly allege that he and defendants had a valid and existing contract. Furthermore, plaintiff's complaint fails to identify facts establishing the contracts with which defendants allegedly interfered, and which defendants engaged in the allegedly wrongful conduct.

Accordingly, the Court DISMISSES plaintiff's claim for interference with existing contract without prejudice. If plaintiff amends, he should identify the particular contracts that were interfered, which defendants interfered with those contracts, and the allegedly wrongful conduct.

### 4. Conversion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

Plaintiff purports to state a claim for conversion.[8] Conversion is "an act of wilful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession." de Vries v. Brumback, 53 Cal. 2d 643, 647 (1960). Plaintiff's conversion claim fails as a matter of law because he fails to allege a "specific sum capable of identification." See Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 551–52 (1997) ("Money can be the subject of an action for conversion if a specific sum capable of identification is involved."). Accordingly, the Court DISMISSES plaintiff's claim for conversion without prejudice.

### 5.     Negligence

Plaintiff asserts a negligence claim, alleging that defendants breached their duty to plaintiff by failing to provide him key terms of the lending agreement, by failing to comply with the Truth in Lending Act ("TILA"), and by foreclosing on his property. Complaint ¶¶ 65–67. To state a claim for negligence under California law, plaintiff must allege that (1) defendant owed plaintiff a duty of care, (2) that defendant breached that duty, (3) that the breach was the legal and proximate cause of plaintiff's injury, and (4) that plaintiff suffered damages. Paz v. California, 22 Cal. 4th 550, 559 (2000). Plaintiff fails to state a claim for negligence because, generally, a financial institution owes no duty of care to borrowers when the institution's involvement in the loan transaction does not exceed the scope of its role as a lender of money. Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). To the extent plaintiff is attempting to establish a negligence per se claim based upon a TILA violation, such a claim appears to be time-barred, as discussed infra. Accordingly, the Court DISMISSES plaintiff's negligence claim without prejudice.

### 6.     Abuse of Process

Plaintiff alleges that defendants abused process by foreclosing on his property

---

[8] Plaintiff alleges that defendants "converted [his] mortgage payments. . . ." Complaint ¶ 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

despite the fact that plaintiff had filed a petition for bankruptcy. Complaint ¶ 82. "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the judicial process, and (2) committed 'a willful act in the use of that process not proper in the regular conduct of the proceedings.'" Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1037 (9th Cir. 2008) (quoting Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal. 3d 1157, 1168–69 (1986)). Plaintiff fails to state a claim for abuse of process because there is no allegation that any defendant misused a court proceeding. Although it is not entirely clear from plaintiff's complaint, the allegation appears to be that defendants initiated a non-judicial foreclosure. Accordingly, the Court DISMISSES plaintiff's abuse of process claim without prejudice.

### 7. Quiet Title

Plaintiff alleges a claim for quiet title. "The purpose of a quiet title action is to establish one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" Santos v. Countrywide Home Loans, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009) (quoting Kelley v. Mortgage Elec. Reg. Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). A mortgagor is not permitted to quiet his title against the mortgagee without paying the debt secured. Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Plaintiff's quiet title claim fails because he does not allege facts demonstrating that he is the "rightful" owner of the property, and because he does not allege that he paid the debt secured by the property or has the present ability to do so. Accordingly, the Court DISMISSES plaintiff's quiet title claim without prejudice.

### 8. Bankruptcy Code

Plaintiff alleges that defendants violated the Bankruptcy Code when they commenced foreclosure proceedings and foreclosed on the property, despite having notice that plaintiff filed a petition for Chapter 7 bankruptcy on August 27, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

Complaint ¶¶ 49–52. The Court finds that plaintiff's allegations are insufficient to establish the grounds upon which plaintiff is entitled to relief. See Twombly, 127 S. Ct. 1964–65 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." ). Plaintiff fails to plead facts establishing the existence of his underlying bankruptcy petition and that defendants had notice of that petition.[9] Moreover, without referencing a particular statute that defendants violated, plaintiff's vague allegation that defendants violated the Bankruptcy Code is insufficient to survive a motion to dismiss.[10] Accordingly, the Court DISMISSES plaintiff's claim for violation of the Bankruptcy Code without prejudice

### 9. Truth in Lending Act

Plaintiff alleges that defendants "had a duty to . . . provide clear terms of the lending agreement and all costs" in accordance with TILA.[11] Complaint ¶¶ 56–57.

---

[9] Defendants ask the Court to take judicial notice of various court records that defendants argue establish that plaintiff has not filed a bankruptcy petition since 1999. See Def.'s Request for Judicial Notice. The Court declines defendants' request for judicial notice, but admonishes plaintiff that, in the event plaintiff amends his complaint, he plead the case number identifying his August 27, 2010 bankruptcy petition.

[10] In his opposition, plaintiff cites legal authority explaining that there is a private right of action for violating a bankruptcy stay. Pl.'s Opp'n at 12–13. However, plaintiff fails to allege that a bankruptcy stay was in effect or how either of the defendants violated a bankruptcy stay.

[11] Plaintiff does not appear to seek rescission under TILA. See Complaint ¶¶ 55–63. If plaintiff is, in fact, seeking rescission, plaintiff is required to show that he is willing and able to tender the borrowed funds back to the lender. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir. 2003). Plaintiff fails to make such a showing in his complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

It appears that plaintiff's TILA damages claim is time-barred. An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitation period starts to run "at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff pleads that defendants had an interest in the property in September 2007. See Complaint ¶ 5. Although plaintiff's language is ambiguous, if plaintiff obtained a loan in September 2007, his TILA claim is barred by TILA's one year statute of limitations. In certain circumstances, the doctrine of equitable tolling may "suspend the limitations period," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of plaintiff's TILA claim. Id. However, plaintiff has not alleged any facts giving rise to equitable tolling of the statute. See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing TILA claim, despite request for equitable tolling, where plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Accordingly, the Court DISMISSES plaintiff's TILA claim without prejudice. In the event plaintiff amends his complaint, he should plead the details of his loan agreement, including the precise date it was entered into, along with the disclosures he believes were improperly given or omitted.

### 10. Declaratory and Injunctive Relief

Because plaintiff has failed to allege a viable substantive claim, he has failed to demonstrate that he is entitled to injunctive or declaratory relief.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion to remand and GRANTS defendants' motion to dismiss plaintiff's complaint in its entirety without prejudice. The Court DENIES defendants' motion for a more definite statement and motion to strike as moot. Plaintiff shall file an amended complaint curing the defects noted herein within **thirty (30) days** after the filing of this order. Plaintiff is admonished

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6268 CAS (RZx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC. ET AL. | | |

that, in the event that plaintiff does not amend his complaint within **thirty (30) days**, the Court will dismiss this action with prejudice.

   IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |