UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OR TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT** (filed 12/03/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.    INTRODUCTION & BACKGROUND**

On July 20, 2010, plaintiff Ardas (Alex) Yanik filed suit in Los Angeles County Superior Court against defendants Countrywide Home Loans, Inc., a/k/a Countrywide Bank, N.A., ("Countrywide"); Bank of America, N.A., ("Bank of America"); and Does 1 through 100 (collectively, "defendants"). On August 23, 2010, defendants removed the action to federal court based on subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

On October 18, 2010, the Court denied plaintiff's motion to remand and granted defendants' motion to dismiss the complaint in its entirety without prejudice.

On November 17, 2010, plaintiff filed a first amended complaint ("FAC") against defendants alleging claims for: (1) breach of contract; (2) specific performance; (3) fraud and deceit; (4) conspiracy; (5) interference with existing contract; (6) conversion; (7) violation of the bankruptcy code; (8) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; (9) negligence; (10) breach of the covenant of good faith and fair dealing;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

(11) abuse of process; (12) quiet title; and (13) declaratory and injunctive relief.[1]

  The instant action appears to arise from a mortgage loan transaction and subsequent foreclosure on plaintiff's property located at 12641 Cornute Avenue, Downey, California (the "property"). FAC ¶ 5. Plaintiff attaches a Deed of Trust to the FAC, indicating that plaintiff and non-party Sarkis Goncuoglu borrowed $336,000 from Countrywide on September 12, 2006 secured by the property. FAC ¶¶ 5, 7, 8, Ex. A. Plaintiff alleges that on August 27, 2007, he filed a Chapter 7 bankruptcy petition and was unable to continue making his mortgage payments. FAC ¶¶ 10, 65. However, the Notice of Bankruptcy filing attached to plaintiff's FAC indicates that Sarkis Gencuoglu, who appears to be the same individual identified as plaintiff's co-borrower in the Deed of Trust, filed a Chapter 7 bankruptcy petition on August 27, 2007.[2] FAC, Ex. B. Plaintiff alleges that defendants received notice of the pending bankruptcy action, but initiated foreclosure proceedings and ultimately foreclosed on the property on September 19, 2007. FAC ¶ 68. Plaintiff further alleges that in October 2009, he initiated an investigation and determined that defendants "started a campaign of charging [him] a substantial amount of money in excess to the mortgage payment," which caused him to fall behind in his mortgage payments. FAC ¶¶ 14, 79.

  On December 3, 2010, defendants filed the instant motion to dismiss, or in the alternative, for a more definite statement or to strike portions of the FAC. On January 4, 2011, plaintiff filed an opposition to defendants' motion to dismiss, or in the alternative, for a more definite statement or to strike portions of the FAC. Defendants replied on January 10, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

---

[1] Plaintiff improperly labels his first amended complaint (his second pleading in this action, which he filed after the Court granted defendants' motion to dismiss the original complaint) as his "second amended complaint." Accordingly, the Court refers to this pleading as the first amended complaint or FAC.

[2] The individual's surname is spelled differently in the Deed of Trust ("Goncuoglu") and the Notice of Bankruptcy filing ("Gencuoglu").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Federal Law Claims

#### 1. Claim 7: Violation of the Bankruptcy Code

On August 27, 2007, plaintiff's co-borrower Gencuoglu filed a Chapter 7 bankruptcy petition in the Central District of California.[3] FAC, Ex. B. Plaintiff alleges that as a result of filing the bankruptcy petition, an automatic stay was in effect pursuant to 11 U.S.C. § 362, and that defendants were notified of the pendency of the bankruptcy action. FAC ¶¶ 65–67. Plaintiff alleges that despite the existence of the automatic stay, on September 19, 2007, defendants foreclosed on the property. FAC ¶¶ 67–69. Plaintiff further alleges that defendants promised to rescind the foreclosure, but failed to do so. FAC ¶ 68. Plaintiff seeks both actual and punitive damages against defendants pursuant to 11 U.S.C. § 362(k)(1).[4] FAC ¶ 69.

Defendants argue that plaintiff fails to state a claim for violation of the bankruptcy

---

[3] Despite plaintiff's allegation that he filed a Chapter 7 bankruptcy petition, the petition attached to the FAC states that Gencuoglu, plaintiff's co-borrower on the Deed of Trust, filed the bankruptcy petition. FAC ¶ 65, Ex. B.

[4] The protections provided by section 362(k) previously were found at section 362(h). The sections were renumbered by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

code because the Notice of Bankruptcy filing attached as an exhibit to plaintiff's complaint indicates that Gencuoglu filed for bankruptcy. Mot. at 14–15. The thrust of defendants' argument appears to be that plaintiff, not a joint bankruptcy petitioner with Gencuoglu or a creditor, does not have standing under section 362(k) to seek redress for a stay violation.

Section 362(k)(1) provides in relevant part:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1). The Ninth Circuit has limited standing to assert claims for violation of a stay to individuals Congress designated as beneficiaries of the stay. See In re Brooks, 871 F.2d 89, 90 (9th Cir. 1989). Third party co-owners of property at issue in a bankruptcy action lack standing to assert a violation of the automatic stay under section 362. See In re Globe Inv. & Loan Co., 867 F.2d 556, 559–60 (9th Cir. 1989) (holding that co-owners of property with debtor did not have standing to pursue violation of automatic stay pursuant to section 362); see also In re Brooks, 79 B.R. 479, 481 (Bankr. 9th Cir. 1987) ("if the debtor or the trustee chooses not to invoke the protections of § 362, no other party may attack any acts in violation of the automatic stay."); Sanchez v. Torres, No. C07-04174 HRL, 2008 WL 1701900, at *6 (N.D. Cal. April 10, 2008) ("in the Ninth Circuit, section 362 has been held to apply only to the benefit of the debtor estate. Owners (other than the debtor) of the property at issue in a bankruptcy action do not have standing to assert violation of the automatic stay under 11 U.S.C. § 362."); Burcena v. Bank One, No. CV-06-00422 HG-KSC, 2007 WL 291562, at *5 (D. Hawaii Oct. 1, 2007) (holding that non-debtor co-owners of real property lacked standing to challenge of annulment of automatic stay); In re Siskin, 231 B.R. 514, 518–19 (Bankr. E.D.N.Y. 1999) (holding that a non-debtor spouse lacked standing to bring a claim under section 362(k)).

Here, Gencuoglu filed for bankruptcy on August 27, 2007, and there is no suggestion that plaintiff filed or joined in Gencuoglu's bankruptcy petition. Thus, the Court finds that plaintiff does not have standing to assert a claim under 11 U.S.C. § 362(k) for the alleged violation of the automatic stay. Because it appears that plaintiff has not and cannot allege any facts which would grant plaintiff standing to assert a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

under section 362(k), the Court GRANTS defendants' motion to dismiss plaintiff's seventh claim for violation of the bankruptcy code with prejudice. See Schreiber Distrib. Co., 806 F.2d at 1401 (where plaintiff is unable to allege facts to cure the deficiency dismissal with prejudice is proper).

### 2.　　Claim 8: Truth in Lending Act

Plaintiff alleges that defendants "had a duty to . . . provide clear terms of the lending agreement and all costs" in accordance with the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. FAC ¶¶ 83–84. Plaintiff seeks actual and punitive damages against defendants for the alleged TILA violations. FAC ¶¶ 89–90.

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitation period starts to run "at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff executed the loan transaction on September 12, 2006, but did not bring his TILA claim until July 20, 2010, nearly four years later. Although TILA recognizes the principal of equitable tolling under certain circumstances, such as when the borrower does not have reasonable opportunity to discover the alleged fraud or purported nondisclosures, plaintiff does not allege any facts that warrant tolling of the statute of limitations. See id. Here, plaintiff had access to and signed the loan documents, and has offered no reason for delaying his investigation into defendants actions until October 2009. Thus, the Court concludes that equitable tolling is inappropriate in this case. See Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (whether the statute of limitations should be equitably tolled is a factual determination that "focuses on whether there was excusable delay by the plaintiff and may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") (quotations and citations omitted) (emphasis in original); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing TILA claim, despite request for equitable tolling, where plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period). Accordingly, the Court GRANTS defendants' motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

plaintiff's TILA claim with prejudice.[5]  See Schreiber Distrib. Co., 806 F.2d at 1401.

**B.   State Law Claims**

The remainder of plaintiff's claims for relief are based entirely on common law and state law.  In view of the Court's dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remainder of plaintiff's claims.  28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984)) (alterations in original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").  Accordingly, the Court DISMISSES the remainder of plaintiff's FAC without prejudice to asserting the common law and state law claims in state court.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiff's seventh claim for violation of the bankruptcy code and eighth claim for violation of TILA with prejudice.  The Court declines to exercise supplemental jurisdiction over the remainder of plaintiff's common law and state law claims, and DISMISSES them without prejudice to plaintiff asserting them in state court.  The Court DENIES defendants' motion for a more definite statement and motion to strike as moot.

IT IS SO ORDERED.

---

[5] Plaintiff does not seek rescission under TILA.  Plaintiff does not appear to be able to amend the complaint to allege a claim for rescission under TILA because such a claim is time-barred and not subject to equitable tolling for the reasons discussed above.  See 15 U.S.C. § 1635(f) (imposing a three-year statute of limitations for rescission where a creditor fails to disclose a right to rescind from the date of consummation of the transaction); see also King, 784 F.2d at 914 ("Congress placed a three year absolute limit on rescission actions, demonstrating its willingness to put a limit on the scope of some types of TILA actions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | **JS-6** |
|---|---|---|---|
| Case No. | CV 10-6268 CAS (RZx) | Date | January 21, 2011 |
| Title | ARDAS (ALEX) YANIK v. COUNTRYWIDE HOME LOANS, INC.; ET AL. | | |

                                                                               00 : 00

                                                 Initials of Preparer         CMJ